Jessica Sabo, Esq., #026360
Staff Attorney for Edward J. Maney
Chapter 13 Trustee
101 N. 1st Ave., #1775
Phoenix, Arizona 85003
(602) 277-3776
jsabo@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| LUIS VARONA, | Case No. 2:13-bk-13424-EWH |
| Debtor. | **TRUSTEE'S MOTION TO DISMISS AND REQUEST FOR DISMISSAL WITH PREJUDICE** |

NOW COMES Edward J. Maney, Chapter 13 Trustee assigned to administer this case, by and through counsel undersigned and hereby and submits his Motion to Dismiss and Request to Dismiss with Prejudice. This is Debtor's second bankruptcy filing since 2010. The Trustee requests that the dismissal of this case be with prejudice and that this Court bar Debtor from filing any new petitions for relief under any Chapter of the Bankruptcy Code without first obtaining Court approval. In support of his Motion to Dismiss with Prejudice, the Trustee states:

1. This is Debtor's <u>second</u> bankruptcy case filed since November 23, 2010:

a. Debtors' first case was filed on November 23, 2010 under Chapter 7 and was assigned the case number 4:10-bk-37691-EWH. Stanley J. Kartchner, was appointed as Trustee. The Debtor filed the case pro se. At least three separate Motions to Lift Stay were filed by three separate Creditors of Real Property. The Debtor filed several motions to extend time and multiple amendments to schedule A, adding a 1% interest in several properties to his bankruptcy estate. Debtor filed a Motion to Convert to Chapter 13 on March 9, 2011 (docket #53). Dianne C. Kerns was appointed as Trustee.

b. During the pendency of the Chapter 13, six Motions to Dismiss were filed, multiple Lift Stay Motions by no less than ten (10) mortgage creditors on homes either listed with 1% interest only, (a scheme to forestall foreclosure proceedings), not listed at all or, inaccurately listed. It has never been clear whether the Debtor even knew his bankruptcy was being used for the purposes of the 1% assignments. At each of the hearings in this case, the Debtor himself <u>never</u> appeared in person. If he appeared at all, it was by telephone only, making it impossible to know for certain, if the Debtor himself was actually testifying. All but one appearance was made by the Debtors' "nephew" telephonically, who consistently declared the Debtor was too ill to make his own appearance (docket #'s 171, 211, 238).

c. Ultimately, the case was Dismissed on July 12, 2013 (docket #'s 238 & 240) for Debtor's multiple failures to comply.

d. Approximately three weeks later, on August 5, 2013, the Debtor filed his second Chapter 13 case. Edward J. Maney was appointed Trustee in Case number 2:13-bk-13424-EWH. Debtor filed the case pro se. Debtor filed using a P.O. Box located in Phoenix, AZ in a County where he does not appear to reside. Debtor proposes to pay $25 per month for 36 months. None of the four secured properties listed on Schedule A and D are listed on the Debtor's Plan nor is any treatment of those properties proposed. An Objection filed by PNC Bank states $63,433.01 in arrearage's are owed on the California property located on Berenice Ave., (docket #27). The Plan does not address or list the arrearage. <u>This Plan is not feasible.</u> In addition, Debtor has not made a single Plan payment. This Debtor has failed to file complete/accurate schedules and statements in *each case* he has filed, failed to ever show feasability or keep his Plan payments to the Trustee, current.

Bad faith, as a cause for dismissal of a Chapter 13 petition with prejudice, involves the application of the totality of the circumstances test. *In re Eisen*, 14 F.3d 469 (9th Cir. 1994). As part of the review, the Ninth Circuit Court of Appeals cited several factors to be considered:

> To determine bad faith a bankruptcy judge must review the "totality of the circumstances." A judge should ask whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner. "A debtor's history of filings and dismissals is relevant." Bad faith exists where the debtor only intended to defeat state court litigation.

*Id.* at 470 (citations omitted). In *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999), the court added "egregious behavior" to the circumstances to be considered for bad faith. In describing this factor, the court stated "neither malice or actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill will directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith." *Id*. at 1224-25.

A review of the circumstances in the Debtor's filings shows that the Debtor has filed his cases in bad faith. In each case, the Debtor failed to properly file schedules and statements, make plan payments, or prove feasibility. Although Debtor's conduct may not reflect ill will, it certainly is evidence of egregious behavior. The Debtor is not complying with the requirements of the Bankruptcy Code and is only stalling his creditors. In light of Debtor's repeated failures to comply with his duties and obligations under the Bankruptcy Code in his repeated filings, the only conclusion that can be drawn is that this case, as well as his previous case, were filed in bad faith.

WHEREFORE, for the reasons listed above, the Trustee respectfully requests that the Court enter an Order Dismissing the above captioned case with Prejudice and directing the Clerk of the Court not to accept any petition by or against this Debtor to institute a new case without the prior written authorization of the Court. The Trustee also requests that in the event that any new petition is filed by this Debtor without the prior authorization of this Court in the State of Arizona within the <u>1 year period</u> after entry of this Dismissal Order, the automatic stay of 11 U.S.C. §362 shall be annulled, shall not become effective and shall not attach to any property of the Debtor or prohibit any creditor from proceeding with actions to foreclose on real property or repossess collateral and that if any new cases are filed by or against the above named Debtor without first obtaining leave of this Court to file a new petition, that any such new case shall be assigned to this Court.

Dated: [see signature block]

_____
Jessica Sabo, Staff Attorney
Edward J. Maney, Trustee
Chapter 13 Trustee

Copies of the foregoing mailed on [see signature block] to:

Luis Varona
P.O. Box 32842
Phoenix, AZ 85064

Luis Varona
727 W. Lakeview
Nogales, AZ 85621

Luis Varona
515-19 Fifth Ave.
Tucson, AZ 85701

Luis Varona
2727 N. Green Pl.
Nogales, AZ 85621